UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

CIVIL ACTION NO. 5:17-CV-322-KKC

CONNIE ESTES and
HAROLD ESTES, as next friends and custodians
of Kenton Estes, an infant                                                    PLAINTIFFS

v.                            **OPINION AND ORDER**

JI-EE INDUSTRY CO., LTD and
UNKNOWN ATV DEALER, Pulaski County, Kentucky                                  DEFENDANTS

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the motion to dismiss (DE 7) by defendant JI-EE Industry Co., Ltd. With its motion, JI-EE objects to this Court's personal jurisdiction over it. For the following reasons, the Court will exercise its discretion to permit limited discovery on this issue.

The plaintiffs, who are Kentucky citizens, bring this action as the custodians of their grandson. They assert in their complaint that their grandson, who was two-years old at the time of this incident, was injured while riding in an E-Ton ATV with their 12-year old granddaughter. The plaintiffs assert in their complaint that the E-Ton ATV was designed, manufactured, and exported to the United States by JI-EE. In their response to JI-EE's motion to dismiss, however, the plaintiffs states that the ATV at issue was designed and manufactured by a company called E-Ton Dynamics Technology Co., Ltd. ("E-Ton Dynamics"), which the plaintiffs assert was a division of JI-EE when the ATV at issue was manufactured, marketed, and sold in Kentucky. (DE 8, Response at 2-3.)

The plaintiffs assert that, due to the negligent design of the ATV, their grandson's right toes were amputated by the ATV's chain/chain guard.

JI-EE was organized in China and has its principal place of business in Taiwan. (DE 7-1, Response at 8.) It argues that this Court cannot exercise personal jurisdiction over it and

1

moves to dismiss the action under Federal Rule of Civil Procedure 12(b)(2). "The procedural scheme which guides the district court in disposing of Rule 12(b)(2) motions is well-settled." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The plaintiff has the burden of establishing personal jurisdiction. *Id.* In responding to a "properly supported" motion challenging personal jurisdiction, the plaintiff cannot "stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.*

When determining whether personal jurisdiction exists over a defendant in a diversity case, "a federal court must apply the law of the state in which it sits, subject to constitutional limitations." *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir.1994). "[T]he defendant must be amenable to suit under the forum state's long-arm statute and the due process requirements of the Constitution must be met." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citation omitted).

The Kentucky Supreme Court has determined that the state's long-arm statute does not allow for personal jurisdiction to the full extent of the due-process clause. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). In other words, there may be situations where a defendant has sufficient contacts with the state to satisfy jurisdiction under the due-process clause but the Kentucky statute still does not permit jurisdiction. *Id.* (citing *Banco Ambrosiano, S.P.A. v. Artoc Bank & Trust Ltd.*, 62 N.Y.2d 65, 476 N.Y.S.2d 64, 464 N.E.2d 432, 435 (1984)).

Thus, in determining whether this Court may exercise personal jurisdiction over a defendant, the Court will first look to whether jurisdiction is permissible under Kentucky's long-arm statute. The plaintiff asserts that four provisions of that statute permit this Court to exercise personal jurisdiction over JI-EE. Those provisions provide that a Kentucky court may exercise personal jurisdiction over a person with regards to a claim arising from that person engaging – either directly or through an agent – in the following activity:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or goods in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth;

KRS § 454.210(2)(a)(1)-(4).

As evidence in support of its motion to dismiss, JI-EE relies solely on the affidavit of its chairman, Stephen Wu, who asserts that the company has never directly engaged in any of this conduct. (DE 7-2, Wu Aff.) Wu asserts that JI-EE does not "currently" conduct any "direct" business with any company or customer in the United States, including Kentucky. Wu also asserts that JI-EE has never "directly" sold any products to any business or customer in Kentucky.

Wu concedes that, in 2002, JI-EE merged with E-Ton Dynamic Technology Co., Ltd., which manufactured ATVs, and that JI-EE was involved in the manufacture and sales of ATVs until 2007. He asserts, however, that JI-EE never sold any ATVs "directly" to consumers and never shipped any ATVs "directly" to Kentucky. Wu asserts that JI-EE sold its ATVs to only two distributors in the United States, neither of which was located in Kentucky.

The plaintiffs, however, allege that, while JI-EE itself did not perform any acts set forth in Kentucky's long-arm statute, its agents did. Specifically, plaintiffs assert that JI-EE distributed the ATVs to Kentucky through distributors it owned and controlled located in the

United States. Plaintiffs further allege that those distributors, in turn, sold ATVs to authorized dealers, including 10 to 13 dealerships located in Kentucky.

If the distributors are JI-EE agents and the distributors sold E-Ton ATVs to Kentucky dealers, then the Kentucky long-arm statute would likely permit a Kentucky court to exercise jurisdiction over JI-EE for transacting any business in Kentucky and contracting to supply goods and services in Kentucky. Likewise, a Kentucky court could likely exercise jurisdiction over JI-EE for causing tortious injury in Kentucky by an act or omission outside of the Commonwealth if JI-EE or an agent "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth."

Whether this Court's exercise of personal jurisdiction over JI-EE comports with due process will likewise depend upon the activities that JI-EE directed at Kentucky. The following criteria are used to determine if the court's exercise of personal jurisdiction over a defendant comports with due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

"If these criteria are satisfied, jurisdiction is appropriate if maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Tobin v. Astra Pharmaceutical Products, Inc.*, 993 F.2d 528, 543 (6th Cir. 1993) (citations and internal quotation marks omitted).

As to the first requirement – purposeful availment of the privilege of acting in the forum state or causing a consequence in the forum state – the Sixth Circuit has adopted

Justice O'Connor's "stream-of-commerce-plus" approach to purposeful availment, as articulated in *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987) (plurality opinion). *See Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 480 (6th Cir.2003). Under that approach, "[p]lacement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Id.* at 479 (quoting *Asahi*, 480 U.S. at 112.) Instead, plaintiffs must show some "[a]dditional conduct of the defendant," such as "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or *marketing the product through a distributor who has agreed to serve as the sales agent in the forum State*." *Asahi*, 480 U.S. at 112 (emphasis added).

Here, plaintiff alleges that JI-EE distributed its ATVs through distributors it owned and controlled and that those distributors sold the ATV to Kentucky dealers. If so, it would appear that JI-EE – through agents it controlled – took actions purposely directed at the Kentucky market. Likewise, if JI-EE's contracts with distributors directed that the distributors sell ATVs to Kentucky dealers, that would appear to be action directed at the forum state for purposes of personal jurisdiction. Further, the plaintiffs' cause of action – personal injury caused by the product JI-EE sold in Kentucky – would have arisen from those activities. And, where there is a finding of purposeful availment and that the cause of action arose from the defendant's contacts with the forum state, an inference arises that the third factor – reasonableness – is also met. *CompuServe*, 89 F.3d at 1268.

In its motion to dismiss, JI-EE relies only on Wu's affidavit, which addresses only any "direct" activity that JI-EE took toward Kentucky. It does not discuss JI-EE's relationship with its distributors, who may have sold ATVs to the 10 to 13 dealers located in Kentucky. For this reason, JI-EE's motion to dismiss will be denied.

Nevertheless, the Court remains uncertain of whether the exercise of jurisdiction over JI-EE comports with Kentucky's long-arm statute or due process. The plaintiffs allege that there were ten authorized E-Ton dealers in Kentucky in 2001 and 13 in 2003. But they have not produced any evidence that JI-EE's E-Ton ATV distributors were, in fact, JI-EE agents, that JI-EE directed them to sell ATVs in Kentucky, or that JI-EE derived substantial income from the sale of E-Ton ATVs in Kentucky.

Without some limited discovery, however, the plaintiffs would not likely have access to such information. The plaintiffs request that, if the Court remains uncertain as to its personal jurisdiction over the defendant after reviewing the motion to dismiss, the Court permit discovery on the issue. The Court will grant that request and exercise its discretion to permit limited discovery on the issue of whether JI-EE is subject to this Court's personal jurisdiction. *See Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2nd Cir. 1981)).

For all these reasons, the Court hereby ORDERS as follows:

1) the plaintiffs may conduct limited discovery pertaining only to the Court's ability to exercise personal jurisdiction over JI-EE;

2) this discovery MUST BE COMPLETED within 30 days of the entry date of this order;

3) topics of such discovery may include, but are not limited to, evidence related to any possible agency relationship between JI-EE and the distributors who sold the E-Ton vehicles to dealers located in Kentucky during the relevant time period; the agreements between JI-EE and its distributors during the relevant time period; JI-EE's involvement in the design, manufacture, and sale of ATVs during the relevant time period, including its relationship with E-Ton Dynamic Technology Co., Ltd; the number of E-Ton ATVs sold to Kentucky dealers by JI-EE's

distributors and the revenue JI-EE derived from such sales; the degree of control JI-EE maintained over the ATVs after they were delivered to distributors; and any communication channels JI-EE established with ATV purchasers or dealers located in Kentucky.

4) this motion to dismiss (DE 7) will be DENIED;

5) within 21 days after the end of the discovery period, JI-EE may reassert a motion to dismiss challenging personal jurisdiction, if appropriate, with admissible evidence regarding the relationship between JI-EE and any entities who sold E-Ton ATVs to businesses or individuals located in Kentucky. If the plaintiffs wish to respond to JI-EE's reasserted motion to dismiss, they must do with admissible evidence in the time provided by the local rules. JI-EE may also submit a reply brief as provided by the Local Rules.

Dated February 20, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY