UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

CIVIL ACTION NO. 5:17-CV-322-KKC

CONNIE ESTES and
HAROLD ESTES, as next friends and custodians
of Kenton Estes, an infant                                                        PLAINTIFFS

v.                             **OPINION AND ORDER**

JI-EE INDUSTRY CO., LTD and
UNKNOWN ATV DEALER, Pulaski County, Kentucky                 DEFENDANTS

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the renewed motion to dismiss for lack of personal jurisdiction (DE 17) by defendant JI-EE Industry Co., Ltd.; the plaintiffs' motion to transfer this action to a federal court in South Carolina and for oral argument (DE 19); and the plaintiffs' motion for additional discovery (DE 23).

### I.     Motion to Dismiss (DE 17)

With its renewed motion to dismiss, JI-EE objects to this Court's personal jurisdiction over it. This motion comes after the Court granted plaintiffs Connie and Harold Estes the opportunity to conducted discovery on the issue of personal jurisdiction. Because the plaintiffs have failed to produce evidence that JI-EE derives substantial revenue from the sale of goods or services in Kentucky or that it purposefully availed itself of the privilege of acting in Kentucky or causing a consequence here, the Court must grant the motion.

The plaintiffs, who are Kentucky citizens, bring this action as the custodians of their grandson. They allege that their grandson, who was two-years old at the time of

1

this incident, was injured while riding in an E-Ton ATV with their 12-year old granddaughter. There is no dispute that the ATV at issue was a 2000 model and was designed and manufactured by a company called E-Ton Dynamic Technology Co., Ltd. ("E-Ton Dynamic"). E-Ton Dynamic merged into JE-II in 2002. In 2008, plaintiff Harold Estes bought the ATV used from another individual. That individual told Estes he bought the ATV from an unidentified dealer in Somerset, Kentucky.

The plaintiffs assert that, due to the negligent design of the ATV, their grandson's right toes were amputated by the ATV's chain/chain guard.

JI-EE was organized in China and has its principal place of business in Taiwan. It argues that this Court cannot exercise personal jurisdiction over it and moves to dismiss the action under Federal Rule of Civil Procedure 12(b)(2). "The procedural scheme which guides the district court in disposing of Rule 12(b)(2) motions is well-settled." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The plaintiff has the burden of establishing personal jurisdiction. *Id*. In responding to a "properly supported" motion challenging personal jurisdiction, the plaintiff cannot "stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id*.

When determining whether personal jurisdiction exists over a defendant in a diversity case, "a federal court must apply the law of the state in which it sits, subject to constitutional limitations." *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir.1994). "[T]he defendant must be amenable to suit under the forum state's long-arm statute and the due process requirements of the Constitution must be met." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citation omitted).

The Kentucky Supreme Court has determined that the state's long-arm statute does not allow for personal jurisdiction to the full extent of the due-process clause. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). In other words, there may be situations where a defendant has sufficient contacts with the state to satisfy jurisdiction under the due-process clause, but the Kentucky statute still does not permit jurisdiction. *Id.* (citing *Banco Ambrosiano, S.P.A. v. Artoc Bank & Trust Ltd.*, 464 N.E.2d 432, 435 (1984)).

Thus, in determining whether this Court may exercise personal jurisdiction over a defendant, the Court will first look to whether jurisdiction is permissible under Kentucky's long-arm statute. In response to JI-EE's renewed motion to dismiss, the plaintiffs make clear that they rely on the provision of the long-arm statute providing that a Kentucky court may exercise personal jurisdiction over a person with regards to a claim arising from that person – either directly or through an agent – "[c]ausing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he . . . derives substantial revenue from goods used or consumed. . . in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of . . . [the] derivation of substantial revenue within the Commonwealth." KRS § 454.210(2)(a)(1)-(4); (DE 19, Response, at 8.)

The plaintiffs acknowledge, however, that "they have no clue of the revenue JI-EE received from" sales in Kentucky. (DE 19, Response at 8.) They appear to argue that they should not be required to produce evidence on this issue because this information is "exclusively within the knowledge of JI-EE." (DE 19, Response at 8.) The Court permitted the parties to conduct limited discovery on personal jurisdiction precisely so

3

the plaintiffs could obtain evidence bearing on personal jurisdiction that was known or exclusively possessed by JI-EE. The Court explicitly directed the parties that such discovery could include, among other items, "the number of E-Ton ATVs sold to Kentucky dealers by JI-EE's distributors and the revenue JI-EE derived from such sales." (DE 10, Order at 6-7.) Despite that opportunity, the plaintiffs concede they have no such evidence. Accordingly, the Court cannot find that JI-EE is amenable to suit under Kentucky's long-arm statute. For that reason alone, the Court cannot exercise jurisdiction over this action.

Moreover, the Court cannot find that exercising personal jurisdiction over JI-EE in this action comports with due process. Two kinds of personal jurisdiction satisfy due process: general and specific. *Conn v. Zakharov*, 667 F.3d 705, 712-13 (6th Cir. 2012). "General jurisdiction is proper only where a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Gerber v. Riordan*, 649 F.3d 514, 517 (6th Cir. August 18, 2011) (quoting *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir.2002)). "Specific jurisdiction, however, is proper only 'in a suit arising out of or related to the defendant's contacts with the forum.'" *Id.* (quoting *Bird*, 289 F.3d at 874).

The plaintiffs argue that the Court has specific jurisdiction over JI-EE. (DE 19, Response at 1.) This requires the plaintiffs to produce evidence that JI-EE "purposefully avail[ed]" itself "of the privilege of acting in [Kentucky] or causing a consequence in [Kentucky]." *Southern Mach. Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). On this issue, the plaintiffs state only that the Court has

4

recognized that this requirement can be satisfied with evidence of a company "marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." (DE 19, Response at 10.) This is true. *See Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 112 (1987) (plurality opinion). Nevertheless, even after discovery, the plaintiffs point to no evidence that JI-EE marketed their product through a distributor who agreed to serve as their sales agent in Kentucky.

The evidence instead establishes that E-Ton Dynamic manufactured ATVs, including the ATV at issue in this case. The ATV at issue was a 2000 model. Later, in 2002, E-Ton Dynamic merged into JI-EE. There is no evidence regarding how E-Ton Dynamic distributed its ATVs in Kentucky.

As to how JE-II distributed E-Ton ATVs after the merger, the evidence establishes that, from 2002 to 2007, JI-EE sold ATVs to a company called E-Ton America, LLC ("E-Ton America"), which was organized in South Carolina and is not related to E-Ton Dynamic. E-Ton America was owned by Stephen Murph and Doug Mahan. E-Ton America, in turn, sold ATVs exclusively to two companies: Carolina Imports and Distribution (owned by Mahan) and A&R Trading Company (owned by Murph). Carolina Import then sold ATVs to distributors in the southeast, including Kentucky. A&R Trading sold ATVs to distributors in the rest of the United States. The below chart depicts the sales chain by which E-Ton ATVs were sold in the United States from 2002 until 2007. JE-II ceased manufacturing or selling E-Ton ATVs in 2007.



Again, there is no evidence that the ATV at issue here was even part of this sales pattern. But even considering the sales chain after the merger, there is no evidence that either E-Ton Dynamic or JI-EE ever directed Carolina Imports or A&T Trading to sell ATVs in Kentucky or ever gave them any directions at all. There is simply no evidence that JI-EE or any entity related to it ever shipped any products into Kentucky or directed any other entity to do business in Kentucky. Accordingly, the Court cannot find that JI-EE purposefully availed itself of the privilege of acting in this state.

## II.     Motion to transfer to South Carolina (DE 19)

Within their response, the plaintiffs ask the Court to transfer this action to South Carolina pursuant to 28 U.S.C. § 1406(a), rather than dismiss it. That statute provides that, when a case is filed in the wrong venue, the court must either dismiss it

or, "if it be in the interest of justice," transfer it to any district in which it could have been brought.

This action could not have been brought in any federal court in South Carolina. No South Carolina court could exercise personal jurisdiction over JE-II with respect to this action and no venue in South Carolina would be proper.

Under the federal venue statute, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The defendant does not reside in South Carolina. Nor did a substantial part of the events or omissions giving rise to the plaintiffs' claim occur in South Carolina. Estes bought the ATV second hand in Kentucky and the injury occurred in Kentucky. The plaintiffs argue that JE-II sold ATVs to E-Ton America, a South Carolina importer. Again, there is no evidence that the ATV at issue in this case was sold by JE-II to E-Ton America. In fact, the evidence indicates that the ATV at issue was manufactured by E-Ton Dynamic before it merged with JI-EE and before E-Ton America (the South Carolina corporation) was formed. Further, even if there were evidence that JE-II sold the ATV at issue to E-Ton America, that sale would not constitute a substantial part of the events giving rise to the plaintiffs' claim.

That leaves subsection (3) of the federal venue statute, which requires the Court to determine if JI-EE would be subject to personal jurisdiction in federal court in South Carolina with respect to this action. The plaintiffs do not state whether they assert a South Carolina court would have general or specific jurisdiction over JI-EE. For this reason alone, the Court cannot find that they have established that a South Carolina court could exercise personal jurisdiction over JI-EE.

Further, as to specific jurisdiction, this requires evidence that JI-EE not only purposefully availed itself of the privilege of acting in South Carolina, but also that the plaintiffs' claims arise out of those activities and that the exercise of jurisdiction would be constitutionally reasonable. *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016). JI-EE purposefully availed itself of the privilege of acting in South Carolina from 2002 to 2007 by selling its products to E-Ton America, but the plaintiffs' claim does not arise out of those sales. There is no evidence that the 2000 E-Ton ATV was sold to a South Carolina company. The plaintiffs' claim arises from their grandson's use of an E-Ton ATV in Kentucky after Estes purchased the product second-hand in Kentucky.

As to general jurisdiction, the plaintiffs point to evidence that JE-II sold ATVs to E-Ton America in South Carolina, but the plaintiffs point to no evidence from which the Court could find that these sales were "systematic and continuous." Further, the evidence also establishes that these sales ceased in 2007, when JE-II ceased manufacturing or selling E-Ton ATVs. "In general jurisdiction cases, district courts should examine a defendant's contacts with the forum state over a period that is reasonable under the circumstances—up to and including the date the suit was filed—

to assess whether they satisfy the 'continuous and systematic' standard.'" *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 569–70 (2d Cir. 1996). "Minimum contacts must exist either at the time the cause of action arose, the time the suit is filed, or within a reasonable period of time immediately prior to the filing of the lawsuit." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003).

The plaintiffs' cause of action arose in 2015, when their grandson was injured while riding an E-Ton ATV. They filed this action in a Kentucky state court in 2016. There is no evidence that JE-II has had any contacts with South Carolina since 2007, approximately 8 years before the injury and 9 years before the action was filed. These contacts are not sufficient to subject JE-II to general jurisdiction in South Carolina with respect to this cause of action.

Moreover, even if a South Carolina court would have general jurisdiction over JE-II with respect to this claim, the Court still must determine whether transferring the action there would be "in the interest of justice." 28 U.S.C. § 1406(a). The plaintiffs do not address this issue. Based upon the record before it, the Court is unable to find that transferring this case would serve justice. JE-II had no contacts with South Carolina, other than selling ATVs to a distributor from 2002 to 2007. There is no evidence that the ATV at issue in this case – a 2000 model – was even sold through those channels. JE-II is no longer in the business of manufacturing or selling E-Ton ATVs and there is no evidence that it has had any contacts with South Carolina for approximately 12 years.

### III. Motion for additional discovery (DE 23)

Finally, the plaintiffs ask the Court to permit it to serve additional discovery on JE-II, requesting JE-II to make certain admissions as to the "frequency and location of its shipping of ATVs to the United States." (DE 23, Motion at 2.) The Court will deny this motion.

The plaintiffs have had ample time to conduct discovery regarding jurisdiction. The Court initially granted the plaintiffs 30 days to conduct such discovery. When the plaintiffs asked for additional time, the Court granted it. This motion for additional discovery was not filed until after JE-II reasserted its motion to dismiss and all briefing on that motion was complete. The Court declines to grant the plaintiffs an additional discovery period after briefing so that they may address deficiencies in their argument.

Further, it appears that the proposed request for admissions deals with the amount of product JE-II shipped to the United States from 1997 to 2012. The plaintiffs do not explain why they could not have served this discovery in the time allotted.

Finally, it is not clear to the Court that the plaintiffs request this discovery to establish this Court's jurisdiction over JI-EE. The plaintiffs state the requested discovery would require JE-EE to make certain admissions regarding the "frequency and location of its shipping of ATVs to the United States." There is no indication that Kentucky was one of those locations. While it is appropriate for the Court to permit limited discovery regarding this Court's jurisdiction, the Court cannot permit the parties to engage in discovery to determine whether jurisdiction would be appropriate in another federal court.

## IV. Conclusion

For all these reasons, the Court hereby ORDERS as follows:

1) JI-EE's motion to dismiss for lack of personal jurisdiction (DE 17) is GRANTED;

2) The plaintiffs' motion to transfer the case to federal court in South Carolina (DE 19) is DENIED;

3) The plaintiffs' motion for an oral argument (DE 19) is DENIED, no such argument being necessary; and

4) The plaintiffs' motion for additional discovery (DE 23) is DENIED.

Dated January 24, 2019

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY